# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Kristopher V.,**
**Petitioner Below, Petitioner,**

**vs)  No. 16-0687** (McDowell County 16-C-19)

**David Ballard, Warden,**
**Mount Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kristopher V.,[1] pro se, appeals the June 16, 2016, order of the Circuit Court of McDowell County denying his petition for a writ of habeas corpus. Respondent David Ballard, Warden, Mt. Olive Correctional Complex, by counsel Benjamin F. Yancey, III, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2000, petitioner was indicted by the McDowell County Grand Jury on (1) thirty-six counts of sexual assault in the first degree; (2) thirty-six counts of sexual assault in the third degree; and (3) thirty-six counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The victim was N.O., the then ten-year-old daughter of petitioner's then-girlfriend. Prior to indicting petitioner, the grand jury heard the testimony of West Virginia State Police Sergeant John Pauley that the abuse occurred from May of 1999 to January of 2000 and that the 108 counts in the proposed indictment "accurately reflect what [petitioner] did to [N.O.] over that period of time." The officer testified that "the worst thing" petitioner committed

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

upon N.O. was anal intercourse and that this was supported by a doctor's report that "[N.O.] had venous congestion around the rectum . . . and . . . her anus had a scar[.]"

Following the indictment, trial was scheduled for December 4, 2000. However, on that date, petitioner decided to enter a plea agreement with the State, under which 106 counts of the indictment would be dismissed and petitioner would plead guilty to one count of sexual assault in the first degree and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust. The plea agreement also provided that petitioner could apply for probation or alternative sentencing and that the State would stand silent regarding sentencing.

At the December 4, 2000, plea hearing, petitioner answered "yes, sir" to the circuit court's admonition that sentencing would be "totally up to the Court" and that, subject to the presentence investigative report, petitioner would most likely be sentenced to prison. Petitioner also replied "yes, sir" when the circuit court asked petitioner if he was willing to plead guilty pursuant to the terms of the plea agreement and if petitioner fully knew and understood the plea agreement's provisions. In addition, the circuit court explained each of the constitutional rights petitioner would be surrendering by pleading guilty, and petitioner uniformly answered, "Yes, sir." Petitioner further testified that no person had promised him probation or alternative sentencing in exchange for his guilty pleas.

The circuit court also inquired of petitioner's background. Petitioner testified that he had attended special education classes because of learning disabilities and behavioral problems and that he left school after the ninth grade. Petitioner further testified that he was awarded social security disability payments. However, apart from examinations necessary to receive those benefits, petitioner stated that he had not seen a doctor for "any . . . mental or emotional condition in the last five years." Petitioner replied "no, sir" to the question of whether he saw any mental health counselor or . . . "any other kind of counselor."

During examination by the State, petitioner clarified that he engaged in anal intercourse—rather than vaginal intercourse—with N.O. Thereafter, the circuit court allowed petitioner to enter his guilty pleas and found that petitioner knowingly and voluntarily pled guilty to one count of sexual assault in the first degree and one count of sexual abuse by a parent, guardian, custodian, or person in a position of trust.

Petitioner's sentencing hearing occurred on December 28, 2000. At the hearing, the circuit court noted that, according to a presentence psychological report, petitioner showed no genuine remorse and was extremely reluctant to accept responsibility for the offenses. The circuit court concluded that it was the psychologist's opinion that "[petitioner] does not appear amenable to any particular program of treatment or rehabilitation." Accordingly, the circuit court denied petitioner's application for probation or alternative sentencing. The circuit court imposed a sentence of fifteen to thirty-five years of incarceration for sexual assault in the first degree and a sentence of ten to twenty years of incarceration for sexual abuse by a parent, guardian, custodian, or person in a position of trust, to be served consecutively. Petitioner did not directly appeal his convictions and sentences.

2

Subsequently, petitioner filed a petition for writ of habeas corpus. Numerous attorneys were successively appointed habeas counsel; however, the attorney who filed the amended habeas petition did not represent petitioner at evidentiary hearings on April 26, 2013, and July 9, 2013. Petitioner raised the following grounds for relief: (1) the circuit court erred in refusing to continue the plea hearing and order an evaluation of petitioner's competency pursuant to West Virginia Code § 27-6A-2 after the court was informed that petitioner was awarded social security disability payments; and (2) the trial counsel provided ineffective assistance. The attorney who represented petitioner at the evidentiary hearings, D. Adrian Hoosier, II, also questioned petitioner regarding his *Losh* checklist,[2] and petitioner testified that there were certain grounds that petitioner did not want to waive. Attorney Hoosier then examined petitioner as to whether he understood the nature of his guilty pleas at the December 4, 2000, plea hearing. At the July 9, 2013, hearing, Attorney Hoosier presented testimony of petitioner's cousin, who testified that he heard trial counsel promise petitioner that he would be given either probation or alternative sentencing if he pled guilty. Respondent countered with the testimony of petitioner's trial attorney, who testified that he never made promises to any defendant or guaranteed that the circuit court would impose any particular sentence.

By order entered on May 2, 2014, the circuit court addressed both the issues raised at the evidentiary hearings and those grounds petitioner did not waive on the *Losh* checklist, and denied the petition. The circuit court found as follows: (1) the circuit court had jurisdiction and petitioner's guilty pleas were valid because petitioner's claim of incompetency at the time of the plea hearing lacked evidentiary support; (2) petitioner entered his guilty pleas voluntarily because petitioner "communicated well" with the circuit court and "told [the court] that he was voluntarily pleading guilty to counts one and three"; (3) petitioner was not incompetent at the time of the offenses because "there is no evidence that the petitioner did not know right from wrong or appreciate the wrongfulness of his actions at the time of the crime[s]"; (4) petitioner was not given consecutive sentences for the same offense—and the double jeopardy clause was not implicated—because sexual abuse by a parent, guardian, custodian, or person in a position of trust constituted a separate and distinct offense pursuant to syllabus point 9 of *State v. Gill*, 187 W.Va. 136, 416 S.E.2d 253 (1992); (5) petitioner's trial counsel provided effective assistance because "[counsel] acted as a reasonable lawyer would have acted under the circumstances" and negotiated "an excellent plea" for petitioner, where petitioner is capable of discharging his sentences and being released from prison instead of serving a virtual life sentence; (6) petitioner's guilty pleas were supported by sufficient evidence because petitioner admitted at the plea hearing that he had anal intercourse with N.O.; and (7) petitioner did not receive excessive punishment—and his sentences were not unexpected—because the circuit court informed petitioner that he would probably be sentenced to prison and explained to him the nature of consecutive sentences, and, while petitioner's aggregate sentence is substantial, "petitioner's crimes against this little girl were horrific." In making these findings, the circuit court determined that petitioner was "a less than credible witness."

---

[2]In *Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981), we compiled a non-exclusive list of potential grounds that a circuit court should address with a habeas petitioner as to whether each ground was being either waived or raised in the proceeding.

When petitioner appealed the denial of his first habeas petition, Attorney Hoosier filed a brief and an appendix on his behalf. Petitioner filed a motion to hold Attorney Hoosier in contempt of court for doing so. This Court resolved the issue of Attorney Hoosier's representation of petitioner in a January 20, 2015, order, in which the Court denied the motion for contempt. This Court found that, pursuant to the circuit court's May 2, 2014, order, Attorney Hoosier represented petitioner and had not filed a motion to withdraw from the case. Accordingly, this Court concluded that Attorney Hoosier remained "counsel of record" for petitioner pursuant to Rule 3(d) of the West Virginia Rules of Appellate Procedure. This Court further ordered that the pro se brief filed by petitioner "will be treated as a supplemental brief[.]" The record in petitioner's previous appeal also contains the pro se appendix filed by petitioner in that case.[3] Subsequently, in *Kristopher V. v. Ballard*, No. 14-0529, 2015 WL 2069412 at *4 (W.Va. May 1, 2015) (memorandum decision), this Court affirmed the denial of habeas relief, noting that deference was given to the circuit court's determination of petitioner's credibility pursuant to *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995).

Petitioner filed the instant habeas petition on February 17, 2016, asserting three grounds for relief: (1) Attorney Hoosier provided ineffective assistance in the prior proceeding in *Kristopher V.*; (2) Attorney Hoosier "sabotaged" petitioner's attempt to represent himself in his appeal in *Kristopher V.*; and (3) the circuit court (a) failed to make sufficient findings in its May 2, 2014, order, denying petitioner's prior petition; and (b) improperly made findings with regard to the issues petitioner did not waive on his *Losh* checklist in *Kristopher V*. By order entered on June 16, 2016, the circuit court first found that Attorney Hoosier "acted as any attorney reasonably would" in the prior habeas proceeding based on its review of petitioner's testimony in that proceeding and the court's opportunity to observe petitioner's demeanor during that testimony.[4] Second, the circuit court found that the remaining grounds for relief were without merit based on this Court's decision in *Kristopher V.*

Petitioner now appeals the circuit court's June 16, 2016, order denying habeas relief. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard;

---

[3]We take judicial notice of the record in petitioner's prior appeal, *Kristopher V. v. Ballard*, No. 14-0529 (W.Va. Supreme Court, May 1, 2015) (memorandum decision).

[4]Given the circuit court's finding that it observed petitioner's demeanor during his testimony in the prior proceeding, we find that the circuit court made the determination that petitioner continues to be less than credible. *See Brown v. Gobble*, 196 W.Va. 559, 565, 474 S.E.2d 489, 495 (1996) (finding that "it is clear that the burden on an appellant attempting to show clear error is especially strong when the findings are primarily based upon oral testimony and the circuit court has viewed the demeanor and judged the credibility of the witnesses").

the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). "A prior omnibus habeas corpus hearing is res judicata as to all matters raised . . .; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing[.]" Syl. Pt. 4, in part, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner contends that the circuit court erred in denying his instant petition prior to appointment of counsel and holding a hearing given that he alleged ineffective assistance of habeas counsel. Respondent counters that the circuit court's denial of habeas relief should be affirmed given that a court may deny a habeas petition without a hearing or appointment of counsel "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, in part, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973). We agree with respondent.

We initially address petitioner's second and third grounds for relief, and find that the circuit court properly found that those issues were without merit based on this Court's decision in *Kristopher V.* In our January 20, 2015, order in *Kristopher V.*, we found that Attorney Hoosier did not "sabotage[ ]" petitioner's appeal by filing a brief and an appendix on his behalf because, pursuant to Rule 3(d), Attorney Hoosier remained "counsel of record" with regard to that case. Moreover, contrary to petitioner's allegations in this case, both our memorandum decision and the record in *Kristopher V.* reflect that we considered both petitioner's pro se brief and his pro se appendix in affirming the circuit court's denial of petitioner's prior petition. In *Kristopher V.*, we noted that respondent filed a "separate response" to petitioner's pro se brief after it was deemed a supplemental brief in our January 20, 2015, order. No. 14-0529, at 1 and n.2. We also discussed petitioner's testimony at the April 26, 2013, hearing. *Id.* at 3 n.4 and n.5, and 7. The transcript of the April 26, 2013, hearing is contained in petitioner's pro se appendix in the record of *Kristopher V.*

With regard to sufficiency and propriety of the circuit court's findings in its May 2, 2014, order denying the prior petition, we found in *Kristopher V.* that the findings in the circuit court's order were "adequate to resolve petitioner's claims" and that "the circuit court did not err in . . . making findings as to claims petitioner indicated he wanted to raise on his *Losh* checklist." *Id.* at 5 n.8 and 4 n.6. Therefore, we find that the circuit court properly found that petitioner's second and third grounds were matters raised and resolved in *Kristopher V.* Accordingly, we conclude that petitioner was barred from re-raising those issues by the doctrine of res judicata pursuant to syllabus point 4 of *Losh*.

With regard to petitioner's first ground for relief—ineffective assistance of habeas counsel, which is a claim allowed under syllabus point four of *Losh*—we find that adjudication of that claim did not require appointment of counsel or a hearing. We note that in West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's

5

unprofessional errors, the result of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

We have reviewed the transcripts of the April 26, 2013, and July 9, 2013, habeas hearings, and find that they support the circuit court's finding that petitioner continues to be less than credible. For example, petitioner alleges that Attorney Hoosier failed to file a brief on his behalf. However, as Attorney Hoosier noted at the April 26, 2013, hearing, an amended petition was filed on petitioner's behalf by a former counsel. Attorney Hoosier subsequently asked petitioner whether Attorney Hoosier's instructions were "to get you a hearing on what's been submitted[,]" and petitioner answered, "Yeah." Attorney Hoosier posed a follow-up question inquiring whether petitioner "asked [Attorney Hoosier] to not do any additional investigation and just to get a hearing on just these items[.]" Petitioner again responded, "Yeah." We further concur in the circuit court's finding that the hearing transcripts reflect that Attorney Hoosier "acted as any attorney reasonably would" in the prior habeas proceeding. Therefore, we find that the circuit court properly found that Attorney Hoosier was not ineffective in the previous proceeding. Accordingly, we conclude that the circuit court did not abuse its discretion in denying the instant habeas petition.

For the foregoing reasons, we affirm the circuit June 16, 2016, order denying petitioner's petition for a writ of habeas corpus.

Affirmed.

**ISSUED:**   June 16, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6